NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3033

VERNITA D. BOYD,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Vernita D. Boyd, of Chicago, Illinois, pro se.

Steven J. Abelson, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3033

VERNITA D. BOYD,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: April 18, 2007

_____

Before BRYSON, Circuit Judge, CLEVENGER, Senior Circuit Judge, LINN, Circuit Judge.

PER CURIAM.

Vernita D. Boyd seeks review of the final decision of the Merit Systems Protection Board (Board) affirming the decision of her employer, the Department of the Treasury (agency), to remove her from her position as a supervisory revenue agent. Boyd v. Dep't of the Treasury, No. CH0752050612-I-2 (M.S.P.B. Aug. 29, 2006). We affirm.

I

The agency removed Ms. Boyd for seven reasons (charges), each with several specifications (the number of specifications for each reason is shown in parentheses): inappropriate use of government credit card (5), failure to timely pay government credit

card account (1), false and/or misleading statements and/or representations in a matter of official interest (3), failure to follow managerial directions (11), failure to timely and accurately file travel vouchers (5), absence without approved leave (45), and failure to comply with appropriate leave policy (45).

Ms. Boyd appealed her removal to the Board. The administrative judge (AJ) assigned to her case merged the sixth and seventh reasons as one and the same, and held a two-day hearing during which agency witnesses and Ms. Boyd testified.

The AJ first rejected Ms. Boyd's main line of defense, which was that Ms. Bessert, who had issued various orders to Ms. Boyd, was not her supervisor after a reorganization. Consequently, according to Ms. Boyd, she was free to disregard all orders and work demands issued by Ms. Bessert. The AJ found, instead, that the post-reorganization supervisor, Mr. McCarthy, had in fact authorized Ms. Bessert to act as Ms. Boyd's first-line supervisor.

The AJ found the agency's witnesses to be credible, but found most of Ms. Boyd's testimony not believable. The AJ concluded that all but four specifications on the six reasons for removal were proven by preponderant evidence. The AJ rejected Ms. Boyd's affirmative Whistleblower and EEO retaliation defenses. The AJ determined that sufficient nexus existed between the sustained charges and the efficiency of the service. The AJ reviewed the deciding official's assessment of the Douglas factors, and concluded that removal is an acceptable penalty for the charges sustained, given the supervisory position held by Ms. Boyd.

The full Board declined review of the AJ's decision sustaining Ms. Boyd's removal, making the AJ's decision the final decision of the Board. Ms. Boyd timely sought review in this court.

II

We must affirm the final decision of the Board unless we determine that it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. Facts found by the Board must be supported by substantial evidence.

The numerous findings of fact made by the Board in sustaining all but four of the specifications for the six charges are each supported by substantial evidence. Much of Ms. Boyd's defense on the facts was rejected as not credible, and we cannot go behind that determination. The Board correctly held that Ms. Boyd failed to shoulder her burden on her affirmative defenses. We perceive no error in law by the Board in sustaining the agency's removal action, and we see no procedural error in the Board's hearing of this case. Accordingly, we affirm.